IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD LEE HUMES, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-637-S-BW | |
| § | | |
| MCDONALD'S WALMART #5416, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Edward Lee Humes's Complaint, received on March 15, 2024. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Humes filed this lawsuit under the Americans with Disabilities Act ("ADA") against a McDonald's restaurant located inside a Walmart store in Arlington, Texas.[2] (*Id.* at 1.) According to Humes, he sat down with his service dog to eat at McDonald's when a security person told him that he could not have a dog inside the store. (*See id.*) Humes told security that his dog was a service dog, and security

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management. By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 7.)

[2] On the same day he filed this action, Humes filed a separate lawsuit based on the same facts against the Walmart in which this Defendant McDonald's was located; that case was dismissed for failure to state a claim. *See Humes v. Walmart*, No. 3:24-cv-639-L-BN, 2024 WL 1839292 (N.D. Tex. Apr. 2, 2024), *rec. adopted*, 2024 WL 1837981 (N.D. Tex. Apr. 26, 2024).

requested proof. (*See id.*) Humes told security that he was not required to prove that his dog was a service dog under the ADA and asked him to call the police. (*See id.*) The police arrived and Humes was required to leave after McDonald's barred him for 90 days. (*See id.*) When the 90-day bar was "about over," Humes was stopped at the door by Walmart security and told he could not enter. (*Id.* at 1-2.) He was attempting to enter Walmart, not the McDonald's inside Walmart, to buy dog food and to load a pre-paid card. (*See id.* at 2.) Humes asked security to call the police and when the police arrived, they "talk[ed] crazy to me." (*Id.* at 2.) Humes seeks $37.5 million in damages. (*See id.* at 3.)

## II.  PRELIMINARY SCREENING

Because Humes has been granted leave to proceed in forma pauperis, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of

2

action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

### III.  ANALYSIS

The ADA prohibits "discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (footnotes omitted). Because Humes alleges that he was denied access with his service dog, his claims appear to implicate Title III of the ADA, which provides as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Regarding service animals, to comport with Title III of the ADA, "a public accommodation" must generally "modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." *Pena v. Bexar Cnty., Tex.*, 726 F. Supp. 2d 675, 684 (W.D. Tex. 2010) (quoting 28 C.F.R. § 36.302(c)(1)). A "restaurant, bar, or other establishment serving food or drink" is considered a public accommodation for purposes of Title III of the ADA. 42 U.S.C. § 12181(7)(B).

"To state a *prima facie* claim pursuant to Title III of the ADA, a plaintiff must allege facts showing: 1) the plaintiff has a disability; 2) the place that the defendant owns, leases, or operates is a place of public accommodation; and 3) the plaintiff was denied full and equal enjoyment because of his disability." *Allder v. Arcosa Telecom Structures, LLC*, No. 5:24CV145-RWS-JBB, 2025 WL 1363093, at *6 (E.D. Tex. Apr. 3, 2025). Regarding the first element, the ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working"; they also include "the operation of a major bodily function." 42 U.S.C. § 12102(2)(A), § 12102(2)(B).

Here, Humes has not alleged any facts to show that he is disabled as defined by the ADA. Instead, he alleges only that he uses a service animal, which allegation is insufficient to raise a reasonable inference that Humes is disabled for purposes of the ADA. *See, e.g.*, *Humes v. Williams Chicken*, No. 3:24-CV-640-X-BN, 2024 WL 2334617, at *3 (N.D. Tex. Apr. 2, 2024) (citing cases and stating, "But, as to disability under the Act, Humes only has alleged that he uses a service animal, and that alone does not raise a reasonable inference that a plaintiff is disabled as defined by the ADA."), *rec. adopted*, 2024 WL 2331760 (N.D. Tex. May 22, 2024). Because

4

Humes has failed to plead sufficient facts to allege a plausible prima facie case of discrimination under Title III of the ADA, his claims do not survive judicial screening. The Court further notes that the only relief Humes seeks in this action is money damages, which is not available under Title III of the ADA. (*See* Dkt. No. 3 at 3); 42 U.S.C. § 12188(a)(1), § 2000a-3(a).

Accordingly, the Court should dismiss Humes's ADA claims with prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim.

## IV.  LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The time to file objections to this recommendation allows Humes an opportunity to cure the deficiencies discussed by the Court and thereby show the Court that his case should not be dismissed with prejudice at this time and that he should instead be granted leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects may be cured, a district court may deny leave." (internal citations omitted)).

If Humes fails to show that leave to amend should be granted within the time to file objections to this recommendation, the Court should dismiss this case with prejudice.

## V. RECOMMENDATION

The Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO RECOMMENDED** on October 28, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).